IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. PHILLIP CURTIS (#N03312), | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 09 C 4751 ) ) |
| AUSTIN S. RANDOLPH, Warden, Logan Correctional Center, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Phillip Curtis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Curtis' habeas petition. Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).[1]

## BACKGROUND

Curtis does not present clear and convincing evidence challenging the statement of facts in the last state court decisions to address his arguments on the merits, which include the post-conviction Circuit Court of Cook County's findings and rulings and the Illinois Appellate Court's opinion on direct appeal, and thus the Court presumes those facts are correct for

---

[1] On the same day that Curtis filed his reply brief to Respondent's answer, he also filed a motion for appointment of counsel that the Court denies as moot because Curtis has sufficiently addressed his arguments in his habeas petition and reply brief. *See Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007) (representation may be provided to habeas petitioner if the interests of justice so require). Moreover, Curtis has failed to establish that an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2)(A). *See Ward v. Jenkins*, 613 F.3d 692, 698 (7th Cir. 2010). Finally, Curtis' arguments raised for the first time in his reply brief are waived. *See United States v. Wescott*, 576 F.3d 347, 354 (7th Cir. 2009).

purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *Rever v. Acevedo,* 590 F.3d 533, 537 (7th Cir. 2010). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court in *People v. Curtis,* No. 1-06-1122 (Ill.App.Ct. Mar. 26, 2008) (unpublished) and the post-conviction Circuit Court of Cook County in *People v. Curtis*, No. 05 CR 17742, April 19, 2008, Transcript on Post-Conviction Proceedings, at C-3 through C-13. (R. 27-1, Rule 5 Ex. O). The Court first turns to a summary of the trial testimony. *See Allen v. Buss,* 558 F.3d 657, 659 (7th Cir. 2009).

## I.  Factual Background

At Curtis' criminal trial, the victim's neighbor, Van Eppinger, testified that he resided at 1418 East 48th Street in a gated community in the Hyde Park neighborhood of Chicago, Illinois and that around 2:40 a.m. on July 3, 2005 a noise awakened him. Eppinger testified that he went to his back patio door and saw a man with a white shirt, dark pants, and a husky build in his neighbor's yard walking down the gangway. Thereafter, Eppinger called the University of Chicago Police and then watched as the man went into his neighbor's garage and turned on a light. Eppinger then put on his clothes and went to the front of his house to meet the police.

When the police arrived, Eppinger directed them to his neighbor's garage. One of the police officers went into the garage and Eppinger heard him say "stop, police." Eppinger then testified that he saw the police officer run from the service door toward the garage's overhead door after the man. Eppinger further testified that he did not see the man exit the garage. The police officer, however, returned with a man about five or ten minutes later. Eppinger testified that he told the police officer that although it was too dark for him to see the face of the man who entered the garage, the man who returned with the police officer had the same build and was

2

wearing the same clothing as the man Eppinger had seen entering the garage.

Officer David Jackson of the University of Chicago Police Department also testified at Curtis' trial. Specifically, he testified that he responded to a call of a burglary in progress at 1416 East 48th Street in Hyde Park. He stated that when he arrived, Eppinger directed him to the neighbor's open garage and that thereafter he entered the garage through the open service door and found Curtis standing beside a car holding a gym bag. Officer Jackson testified that when he called out "police," Curtis dropped the gym bag and ran through the open overhead garage door. Officer Jackson ran after him at which time he noticed two mountain bikes laying down at the edge of the garage. Curtis then climbed over a wrought-iron gate and continued to run while Officer Jackson squeezed between two gates and chased him for about a half a block. During the chase, Officer Jackson called for assistance and was met by another University of Chicago police officer in a squad car heading in Curtis' direction. Officer Jackson further testified that Curtis then stopped, sat down on the sidewalk, and put his hands up. In addition, Officer Jackson testified that he never lost sight of Curtis from the time Curtis dropped the gym bag inside the garage until he put his hands in the air and sat down.

At trial, the victim, Cornell McCullom, testified that he resided at 1416 East 48th Street in a town home with a detached garage. At about 3 a.m. on July 3, 2005, University of Chicago police officers woke him up by knocking on his door. The officers directed him to his garage where he discovered that the overhead garage door was open. He further testified that his two bikes – which he normally kept on a wall rack – were laying on the ground behind the car. Also, McCullom testified that near the bikes he noticed that his gym bag had a bike pump and some

tools in it. McCullom also testified that he normally kept the gym bag empty and on a shelf in the front of the garage. After the police left, McCullom put his bikes up against the wall so that he could close his overhead garage door. When he pushed the automatic button to shut the door, he realized that the latch to the garage door motor had been disengaged to allow for the door to open manually. McCullom further testified that he remembered closing the overhead garage door when he came home the previous evening.

## II. Procedural Background

Following a jury trial in the Circuit Court of Cook County, Illinois, the jury convicted Curtis of burglary and the trial court sentenced him to twenty years imprisonment. Curtis appealed arguing that: (1) he was denied a fair trial because the trial court failed to remove two prospective jurors for cause; and (2) the prosecutor improperly commented on his decision not to testify and shifted the burden of proof. The Illinois Appellate Court affirmed Curtis' judgment of conviction on March 26, 2008. Curtis then filed a petition for leave to appeal ("PLA") to the Supreme Court of Illinois raising these same two claims. The Supreme Court of Illinois denied Curtis' PLA on September 24, 2008.

On August 10, 2007, while his direct appeal was pending, Curtis filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. In his post-conviction petition, Curtis brought claims based on (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) the denial of due process. On August 17, 2007, the Circuit Court dismissed Curtis' post-conviction petition as frivolous and patently without merit. *See* 725 ILCS 5/122-1(a)(2). On appeal to the Illinois Appellate Court, Curtis' court-appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551,

4

107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Curtis then filed a pro se response. On September 8, 2009, the Illinois Appellate Court granted counsel's motion to withdraw and summarily affirmed the Circuit Court's judgment of dismissal. Thereafter, Curtis filed a post-conviction PLA raising claims of ineffective assistance of counsel, prosecutorial misconduct, and due process that the Supreme Court of Illinois denied on March 24, 2010.

While his state post-conviction proceedings were still pending, Curtis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1) that the Court dismissed without prejudice for failure to exhaust available state court remedies. On March 31, 2010, Curtis filed a new habeas petition and on April 30, 2010, the Court construed the new petition as an amended petition in the present matter.

### III. Habeas Petition

Construing his pro se allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Curtis' habeas claims include: (1) the prosecution relied upon evidence that was not introduced at trial, namely a gym bag, to establish an element of the crime; (2) the prosecution commented on Curtis' failure to testify and improperly shifted the burden of proof; (3) the trial court erred in permitting the prosecution to rely on evidence, namely, a gym bag, that was not introduced at trial; (4) he was denied a fair trial because the trial court failed to remove two prospective jurors who did not have a strong command of English; (5) the trial court erred in refusing to instruct the jury on a lesser included offense; (6) the post-conviction trial court erred in dismissing his post-conviction petition because it stated the gist of a constitutional claim; (7) trial counsel was constitutionally ineffective for failing to challenge two jurors who did not have a strong command of English; (8) trial counsel was constitutionally ineffective for failing to

5

challenge certain testimony based on the gym bag that was not in evidence; and (9) trial counsel was constitutionally ineffective for failing to cross-examine one of the State's witnesses.

## LEGAL STANDARDS

### I. Habeas Standard

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Finnan,* 598 F.3d 416, 421 (7th Cir. 2010). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405; *see also Brown,* 598 F.3d at 421-22.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See Williams,* 529 U.S. at 407; *Brown,* 598 F.3d at 422. "A state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only if it is 'so erroneous as to be objectively unreasonable.'" *Bennett v. Gaetz,* 592 F.3d 786, 790 (7th Cir. 2010) (citation omitted); *see also Williams*, 529 U.S. at 410 ("*unreasonable* application

of federal law is different from an *incorrect* application of federal law") (emphasis in original); *Wood v. Allen,* 130 S.Ct. 841, 849 (2010) (state court's factual finding not unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance."). To be considered objectively unreasonable, a state court's decision must be "well outside the boundaries of permissible differences of opinion." *Bennett,* 592 F.3d at 790 (citation omitted). Put differently, to be reasonable, a state court's decision must be "at least minimally consistent with the facts and circumstances" of the case. *Williams v. Thurmer,* 561 F.3d 740, 746 (7th Cir. 2009).

## II.     Exhaustion and Procedural Default

Before bringing a habeas claim in federal court, a habeas petitioner must exhaust all remedies available to him in state court. *See Gonzales v. Mize,* 565 F.3d 373, 380 (7th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A). In particular, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Sturgeon v. Chandler,* 552 F.3d 604, 610 (7th Cir. 2009). "A procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'" *Crockett v. Hulick,* 542 F.3d 1183, 1192 (7th Cir. 2008) (citation omitted). Procedural default precludes federal court review of a petitioner's habeas claims. *See Johnson v. Pollard,* 559 F.3d 746, 752 (7th Cir. 2009).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S.Ct.

2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *See Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see also Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496; *see also Smith,* 598 F.3d at 387-88.

## ANALYSIS

**I.      Claim One – Sufficiency of the Evidence**

In his first habeas claim, Curtis maintains that he was denied due process because the prosecutor relied upon evidence that was not introduced at trial, namely, the gym bag, to establish an element of the crime. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Curtis brought this claim for the first time in his post-conviction petition. The post-conviction trial court – the last state court to address the merits of this issue – concluded that:

> [D]efendant makes the unsupported outrageous and baseless claim that he was denied due process because the State failed or was unable to substantiate proof necessary to support the charge of burglary. Any claim that the defendant has as to the sufficiency of the evidence or reasonable doubt must be, and again possibly has been raised in the appeal, and is not appropriate in a post conviction petition.

(Ex. O, at C10-11.) In sum, the post-conviction trial court concluded that because Curtis did not bring his sufficiency of the evidence claim on direct appeal, he waived any such claim.

Because the post-conviction court's decision was based on Curtis' waiver, the decision was an independent and adequate state law ground amounting to procedural default. *See Sturgeon v. Chandler,* 552 F.3d 604, 611 (7th Cir. 2009) ("A finding of waiver by the state postconviction court is enough to establish an adequate and independent state ground."). Thus, in order for the Court to review Curtis' claim on collateral review, he must establish cause and actual prejudice for this default or that a fundamental miscarriage of justice would occur if the Court did not review his defaulted claim. *See Brown,* 599 F.3d at 609. Although Curtis asserts that Respondent erroneously argues that this claim is procedurally defaulted, he does not explain – let alone establish – that there was cause and actual prejudice or that the fundamental miscarriage of justice exception applies under the circumstances. *See Smith,* 598 F.3d at 387-88. Therefore, Curtis has procedurally defaulted this claim, and thus the Court cannot address its merits. *See Johnson*, 559 F.3d at 752.

## II.  Claim Two – Prosecutorial Misconduct Claim

### A.  Burden of Proof

In his second habeas claim, Curtis maintains that the prosecution improperly shifted the burden of proof and commented on his failure to testify. As to the first part of his claim, Curtis argues that the prosecutor shifted the burden of proof when she argued to the jury that he failed to provide an innocuous reason for being in the area at the time of the crime and that his defense amounted to a claim of a police frame-up. The Illinois Appellate Court on direct appeal concluded that Curtis had forfeited this claim for failing to object at trial and allege this error in his post-trial motion. Although the Illinois Appellate Court also reviewed this argument for plain error, the Illinois Appellate Court's forfeiture conclusion was an adequate and independent

9

state court ground, and thus Curtis procedurally defaulted this claim. *See Smith,* 598 F.3d at 383; *Szabo v. Walls*, 313 F.3d 392, 395-96 (7th Cir. 2002); *see also Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) (review for plain error was not decision on the merits); *Rodriguez v. McAdory,* 318 F.3d 733, 735 (7th Cir. 2003) ("review for plain error does not cure a procedural default.") (citation omitted). Therefore, the Court cannot review this claim on collateral review unless Curtis establishes cause and actual prejudice or the fundamental miscarriage of justice exception to procedural default. *See Johnson v. Hulett,* 574 F.3d 428, 430 (7th Cir. 2009). Again, Curtis has failed to argue or establish any exception to his procedural default, and thus the Court cannot collaterally review this claim.

### B. Failure to Testify

The other part of Curtis' second habeas claim is that the prosecution improperly commented on his failure to testify in violation of the Fifth Amendment. *See Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) ("[T]he Fifth Amendment ... forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt"). In determining this claim, the Illinois Appellate Court reasoned:

> Defendant's theory of the case included a theory of misidentification because there was a period of time unaccounted for in which someone else could have entered the garage and moved the bicycles and the gym bag. Defendant also argued the lack of physical evidence and the lack of credibility of witnesses. In response, the prosecutor made the following complained of remarks to the jury in rebuttal closing argument:
>
>> "What else was the defendant doing on the 1400 block of East 48th Street at three o'clock in the morning in a gated community?
>> ...
>
>> What else was this resident of Calumet City, minutes away, doing in a gated

10

> community at three o'clock in the morning where he doesn't live? What else was he doing, but trying to steal something? That's your common sense. That's this case."
>
> We find the above comments were not directed at defendant's failure to testify but, rather, were comments designed to draw inferences from defendant's behavior which were supported by the evidence that he was in a gated community where he did not have permission to be, at 3 o'clock in the morning. The prosecutor asked the jury to apply their common sense to the evidence, and not to consider defendant's failure to explain his presence or testify.

(Ex. A, Order at 9-10.)

The Illinois Appellate Court's decision was a reasonable application of Supreme Court law because it was well within the boundaries of permissible differences of opinion. *See Bennett,* 592 F.3d at 790. Specifically, the prosecutor was commenting on the weakness of Curtis' theory of the case – which is not the same as inviting the jury to draw an adverse inference from Curtis' failure to testify. *See Jackson,* 540 F.3d at 596-97. Moreover, the United States Supreme Court has never extended the prohibition in *Griffin* to cover indirect comments, such as the prosecutor's comments in this matter. *See Yancey v. Gilmore,* 113 F.3d 104, 106-07 (7th Cir. 1997). Thus, Curtis cannot obtain habeas relief based on this argument because Section 2254(d) requires that the Illinois Appellate Court's decision be an unreasonable application of federal law as determined by the Supreme Court. *See id.*; *see also Schaff v. Snyder,* 190 F.3d 513, 522 (7th Cir. 1999) ("petitioner must have a Supreme Court case to support his claim, and that Supreme Court decision must have clearly established the relevant principle as of the time of his direct appeal"). As such, the Court denies Curtis' habeas claim based on the prosecutor's remarks during closing arguments.

### III. Claim Three – Sufficiency of the Evidence

In his third habeas claim, Curtis argues that the trial court erred in permitting the prosecution to rely on evidence, namely, the gym bag, that was not introduced at trial. In addressing this argument, the post-conviction trial court, the last state court to address the merits of this claim, stated:

> [Petitioner] complains about testimony about his possession of a gym bag because neither the bag itself nor a photo of it was offered into evidence. As I stated earlier, the failure to offer the bag or photo of it is not grounds to prohibit a witness from testifying about the bag, and again goes to the weight and not the admissibility of that testimony.

(Ex O, at C12-13.)

In short, Curtis' third habeas claim is not cognizable on habeas review because his argument goes to the weight of the evidence and not the sufficiency of the evidence. *See Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (evidentiary issues turn on state law and are usually beyond the scope of federal habeas review). Because Curtis' third claim is not cognizable on habeas review, the Court denies this claim. *See Lopez v. Thurmer*, 594 F.3d 584, 587 (7th Cir. 2010) (federal court "may not grant habeas relief under 28 U.S.C. § 2254 merely because a state court has misinterpreted or misapplied state law.").

### IV. Claim Four – Fair Trial Claim

In his fourth habeas claim, Curtis maintains that he was denied a fair trial because the trial court failed to remove two prospective jurors who did not have a strong command of English. On direct appeal, the Illinois Appellate Court concluded that Curtis waived this argument because his trial counsel failed to challenge the prospective jurors for cause and failed to use peremptory challenges to excuse them. *See Woods v. Schwartz,* 589 F.3d 368, 373 (7th Cir. 2009) (waiver establishes adequate and independent state court ground). Curtis recognizes

this default, but maintains that the cause for his procedural default was his counsel's ineffectiveness. *See Brown,* 599 F.3d at 609 ("When preserved, meritorious claims of ineffective assistance can excuse default."); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) ("Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside procedural default."). Nevertheless, "a claim of ineffectiveness must itself have been fairly presented to the state courts before it can establish cause for a procedural default of another claim." *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004). As discussed in detail below, Curtis has procedurally defaulted his ineffective assistance of counsel claim based on counsel's failure to challenge the prospective jurors, and thus his attorney's conduct cannot excuse his procedural default of this claim. *See Murray*, 477 U.S. at 489 (federal law "requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."). Therefore, the Court cannot reach the merits of this issue and denies Curtis' fourth habeas claim. *See Lewis,* 390 F.3d at 1026-27.

**V.     Claim Five – Lesser Included Offense Claim**

Next, Curtis maintains that he was denied due process because the trial court refused to instruct the jury on a lesser included offense. Curtis' claim fails because in non-capital cases there is no clearly established Supreme Court precedent that a criminal defendant has a constitutional right to a jury instruction on a lesser included offense. *See Calloway v. Montgomery*, 512 F.3d 940, 944-45 (7th Cir. 2008); *see also Beck v. Alabama,* 447 U.S. 625, 638 n.14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). To clarify, the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams,* 529 U.S. at 402-03; *Brown,* 598 F.3d at

421. Without any clearly established Supreme Court precedent under the circumstances, the Court cannot concluded that the Illinois court's determination on this issue was "contrary to" or an "unreasonable application" of federal law clearly established by the Supreme Court. *See, e.,g., Arredondo v. Huibregtse,* 542 F.3d 1155, 1165-66 (7th Cir. 2008). The Court therefore denies Curtis' fifth habeas claim.

## VI. Claim VI – Gist of a Constitutional Claim

In his sixth habeas claim, Curtis argues that the post-conviction trial court erred in dismissing his petition because it stated the gist of a constitutional claim. To clarify, under the first stage of proceedings pursuant to the Illinois Post-Conviction Hearing Act, a petitioner must state a gist of a constitutional claim or the post-conviction trial court will summarily dismiss the post-conviction petition. *See Davis v. Lambert*, 388 F.3d 1052, 1060 (7th Cir. 2004); *see also* 725 ILCS 5/122-2. Whether the Illinois court misapplied the state law standard under 725 ILCS 5/122-2 is not a cognizable claim on federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). In other words, the Court cannot collaterally review the Illinois post-conviction court's application of an Illinois statute. *See Johnson v. Acevedo,* 572 F.3d 398, 402 (7th Cir. 2009) ("A violation of state law is not the basis for federal collateral relief"). Therefore, the Court denies Curtis' sixth habeas claim.[2]

---

[2] As a sub-part of his sixth habeas claim, Curtis argues that the post-conviction trial court erred in concluding that he lacked standing to file a motion to suppress the gym bag based on Curtis' own testimony because Curtis did not testify at trial in the first instance. This alleged error was in the context of the post-conviction trial court's assessment of Curtis' ineffective assistance of counsel claim based on counsel's failure to file a motion to suppress the gym bag, as discussed below. Meanwhile, Curtis' claim based on the trial court's alleged evidentiary error is not cognizable on habeas review. *See Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004).

14

**VII.    Claims Seven through Nine – Ineffective Assistance of Counsel Claims**

Finally, Curtis maintains that his trial counsel provided constitutionally ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. To establish constitutionally ineffective assistance of counsel, Curtis must show that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Curtis fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also United States v. Taylor,* 569 F.3d 742, 748 (7th Cir. 2009) ("Courts may deny ineffective assistance of counsel claims for lack of prejudice without ever considering the question of counsel's actual performance.").

**A.    Failure to Challenge Jurors**

Curtis first argues that his trial counsel was constitutionally ineffective for failing to challenge two jurors who did not have a strong command of English. Although Curtis argued that he was denied a fair trial because the trial court failed to remove these two jurors on direct appeal, Curtis never argued that his trial counsel was constitutionally ineffective for failing to challenge the two jurors to the Illinois courts. Because Curtis raises this ineffective assistance of counsel argument for the first time in his habeas petition, it is procedurally defaulted. *See Coleman,* 501 U.S. at 750; *Collins v. Hulick,* 603 F.Supp.2d 1157, 1168 (N.D. Ill. 2009). Curtis has failed to demonstrate cause and actual prejudice or the fundamental miscarriage of justice

exception to his default. *See Coleman,* 501 U.S. at 750. Therefore, the Court denies Curtis' first ineffective assistance of counsel claim based on trial counsel's failure to challenge two jurors.

B.     **Failure to Challenge Testimony Based on the Gym Bag**

Next, Curtis argues that trial counsel was constitutionally ineffective for failing to challenge testimony about the gym bag. More specifically, the exact issue that was fully and fairly presented to the Illinois courts was based on counsel's failure to file a motion to suppress the gym bag. In determining this issue, the post-conviction trial court, which was the last state court to address the merits of this argument, stated:

> The basis to suppress the gym bag asserted by defendant is that the gym bag itself was never offered into evidence nor were any photographs of the gym bag taken or offered into evidence. Those facts do not provide a basis to move to suppress the gym bag or any testimony about its existence or someone's observation of the gym bag but, on the other hand, are relevant only to the weight of the testimony.

(Ex. O, at C6.)

The post-conviction trial court's ruling was not an unreasonable application of *Strickland*. In particular, because the Illinois court found that there was no basis to seek suppression of the gym bag, trial counsel's performance was not deficient for failing to do so. *See United States v. Knox,* 287 F.3d 667 (7th Cir. 2002) ("Good advocates do not raise every non-frivolous legal issue"). Because his trial counsel's decision not to move to suppress the gym back was reasonable, Curtis has failed to establish that his trial counsel's performance was constitutionally ineffective. *See United States v. Recendiz,* 557 F.3d 511, 531 (7th Cir. 2009) (there is a "strong presumption that the attorney performed effectively"). The Court therefore denies Curtis' ineffective assistance of counsel claim based on counsel's failure to file a motion to suppress the gym bag.

16

C.  **Failure to Cross-Examine State's Witness**

Finally, Curtis maintains that his trial counsel was constitutionally ineffective for failing to cross-examine the State's witness, Van Eppinger. The claim that Curtis fully and fairly represented to the post-conviction Illinois' courts was that his counsel was ineffective for failing to cross-examine Eppinger as to his identification of Curtis. In ruling on this argument, the last court to determine the merits of this claim, the post-conviction trial court, stated:

> [D]efendant alleges his counsel's failure to cross-examine Mr. Eppinger regarding the fact that he never gave a detailed clothing description of the perpetrator to anybody. But defendant was not arrested based on a description but he was arrested by the University of Chicago police officer, whose name is David Jackson by the way, who actually observed him inside[] the victim's garage and then chased him from the scene, never losing sight of him, and arrested him. He thereafter returned defendant to the scene, and again there was no identification made by Mr. Eppinger of the defendant either then or again when he testified at trial.
>
> Furthermore, there isn't anything submitted by defendant which would indicate that Mr. Eppinger did not in fact give a clothing description to any other person or police officer who may have interviewed him and that he would have been subject to any kind of effective cross-examination on that fact or that issue anyway.
>
> Finally, the decision whether to cross-examine the witness and what questions to ask the witness on cross, just like the decision whether to file a motion or not, is entirely a matter of trial strategy within counsel's discretion, and again not subject to claim[s] of ineffective assistance of counsel.

(Ex O, at C5-6.)

The post-conviction trial court's decision is a reasonable application of *Strickland* because it is well within the boundaries of permissible differences of opinion. *See Bennett,* 592 F.3d at 790; *see also Ebert v. Gaetz,* 610 F.3d 404, 412 (7th Cir. 2010) (state court application of *Strickland* unreasonable "only when the state court's application of 'clearly established Federal law' is wholly outside the boundaries of permissible differences of opinion.") More specifically, Eppinger's eyewitness testimony was not necessary to identify Curtis as the perpetrator because

17

Curtis' arrest was based on University of Chicago police officer Jackson's actual observation of Curtis inside McCullom's garage after which Officer Jackson chased Curtis from the scene and arrested him. Therefore, counsel's decision not to cross-examine Eppinger did not fall below an objective standard of reasonableness because Eppinger's testimony was not the only identification evidence submitted at trial. Moreover, the Illinois post-conviction court concluded that there was no evidence in the record that would subject Eppinger's testimony to any meaningful cross-examination. Therefore, Curtis has failed to overcome the presumption that counsel's decision not to cross-examine Eppinger was sound trial strategy. *See Smith v. Gaetz,* 565 F.3d 353 (7th Cir. 2009). The Court thereby denies Curtis' habeas claim based on his counsel's failure to cross-examine Eppinger.

**VIII. Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Curtis a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.,* 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Curtis must demonstrate that "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, the Court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Here, the Court would be hard-pressed to conclude that jurists of reason would find it debatable whether Curtis' habeas petition should have been resolved in a different way. *See Miller-El,* 537 U.S. at 336. As to Curtis' procedurally defaulted claims, he has failed to demonstrate that jurists of reason would find it debatable that the Court was incorrect in its procedural rulings. *See Slack,* 529 U.S. at 485. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Curtis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). Also, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: October 5, 2010

**ENTERED**

**AMY J. ST. EVE**
**United States District Judge**